IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:10-CV-139-FL

| JAMES M. JOHNSTON, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER and** |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| SHAWN SPEARS - S AND J OF RALEIGH, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

This pro se case is before the court on the motion to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(2) (D.E. 1) by plaintiff James M. Johnston ("plaintiff") and for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). These matters were referred to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), respectively. The court finds that plaintiff has adequately demonstrated his inability to pre-pay the required court costs, and his motion is therefore ALLOWED. However, based on the court's frivolity review, it will be recommended that this case be DISMISSED for the reasons stated below.

Plaintiff's complaint consists of a four-page form (D.E.1-1) completed in handwriting and nine exhibits which appear to be photos of his home (D.E. 1-2 through 1-10). In his complaint, plaintiff alleges that defendant Shawn Spears of S and J of Raleigh ("defendant"), a contractor, performed defective work in making repairs to plaintiff's home. Plaintiff further alleges that he paid for the repairs with a federal loan and grant from the United States Department of Agriculture ("USDA") and that Carolyn Patterson of the USDA would not permit him to use the contractor of his choice to perform the work. Plaintiff has not named the USDA as a defendant.

The complaint plaintiff seeks to file in this action is essentially identical to the one he filed in another case he brought in this court, *James M. Johnston v. Shawn Spears, S and J of Raleigh*, No. 4:10-CV-116-D. The complaint in this previous action was dismissed by District Judge James C. Dever III pursuant to a frivolity review on the grounds of lack of subject matter jurisdiction. (*See* 27 Sept. 2010 Order (D.E. 6)). For the reasons stated in that order, it will be recommended that this action also be dismissed for lack of subject matter jurisdiction.

For the foregoing reasons, it is RECOMMENDED that this action be DISMISSED.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties or, if represented, their counsel, who have 14 days, or such other time as the court directs, to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

This, the 19th day of November 2010.

James E. Gates
United States Magistrate Judge